[No. 13240. In Bank. — September 26, 1891.]

A. J. D. DE GUYER ET AL., APPELLANTS, *v.* WILLIAM BANNING, RESPONDENT.

MEXICAN GRANT — EFFECT OF PATENT — DESCRIPTION OF LAND — BOUNDARIES — VARIANCE — APPROVED SURVEY — DECREE OF CONFIRMATION. — A United States patent of a confirmed Mexican grant is binding upon one claiming title under it, as to the description of the land patented, and is the only evidence of the extent of the grant permissible in an action of ejectment; and where the boundaries fixed by the approved survey upon which the patent is based are different from those recited in the decree of confirmation, the patent will control, although the survey does not contain all the land embraced in the decree of confirmation.

ID. — EXCEPTION IN PATENT — EXTERIOR BOUNDARIES OF INNER BAY — ISLAND. — An exception in the patent excepting, reserving, and excluding from the land that portion thereof covered by the navigable waters of a bay must be construed as excepting an island lying in the bay, as well as the land covered by the navigable waters of the bay.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Houghton, Silent & Campbell,* and *J. S. Chapman,* for Appellants.

*J. E. Foulds,* and *Lee & Scott,* amici curiæ, also for Appellants.

*Bicknell & White,* and *Smith, Winder & Smith,* for Respondent.

DE HAVEN, J. — This is an action to recover posses-
sion of a tract of land known as Mormon Island, lying
within the exterior boundaries of the inner bay of San
Pedro.    The plaintiffs claim the land in controversy as
a part of the rancho San Pedro, the title to which is a
Spanish grant confirmed by the United States district
court on appeal thereto from the board of land commis-
sioners appointed under the act of Congress of March 3,
1851, to ascertain and settle private land claims in this
state, and a United States patent therefor dated Decem-
ber 18, 1858.    This patent conveys the land embraced
in the said rancho San Pedro as the same was surveyed
by the United States surveyor-general after the confir-
mation of said grant, the patent referring to the survey
and plat thereof for purposes of description.    The sur-
vey recites that it was made in conformity to the boun-
daries specified in the decree of confirmation, and after
giving certain named exterior boundaries, which it is
contended by plaintiffs are the same as those fixed in
the decree of confirmation, it proceeds as follows: " Ex-
cepting, reserving, and excluding from the tract as
thus surveyed that portion thereof covered by the navi-
gable waters of the inner bay of San Pedro, and which
are included within the following described lines, to
wit." The lines thus referred to as following this general
description being those which mark the exterior boun-
daries of the inner bay of San Pedro.

The judgment of the superior court was in favor of
defendant, and the plaintiffs appeal.

The whole controversy in this case grows out of the
alleged difference between the boundaries of the said
grant as given in the decree confirming it, and those
fixed in the patent, this difference being made by the
exception contained in the survey above referred to.

The appellants contend, — 1. That they have title to
all the land within the specific boundaries of the rancho
San Pedro as fixed in the decree of confirmation, and
that the exception contained in the patent and survey
must be disregarded as unauthorized and void; 2. That

if the exception is not held to be void, that it should be construed only as embracing the navigable waters of the inner bay of San Pedro, and not all the land within the exterior boundaries of such inner bay, in which case the land sued for would not be within the exception.

1. In support of their first proposition the appellants insist that in surveying the rancho San Pedro no discretionary power was vested in the United States surveyor-general, and that his only authority was to make a survey which would conform to the boundaries given in the decree of confirmation, and that as by this exception land is excluded from the survey which was included within the boundaries of the rancho as confirmed, it is void.

It is true, the duty of that officer was to locate the confirmed grant in conformity with the decree. (*Case of Fossat*, 2 Wall. 714.) But it does not follow that when the survey has been made, approved, and acted upon by the land department, its correctness may be impeached or disregarded in an action of ejectment, and that, too, by one who claims under the very proceedings of which the survey was one essential part. To avoid the force of this position the appellants insist upon the broad proposition that the location of the grant was not fixed and established by the survey and patent, but by the decree of confirmation; and that in case of a conflict between the boundaries given by the decree and those fixed by the survey upon which the patent is based, the descriptive calls given in the decree are controlling. This position cannot be upheld, and the contrary is, we think, the established doctrine. (*Moore* v. *Wilkinson*, 13 Cal. 478; *Teschemacher* v. *Thompson*, 18 Cal. 11; 79 Am. Dec. 151; *Leese* v. *Clark*, 18 Cal. 535; *Chipley* v. *Farris*, 45 Cal. 527; *Cassidy* v. *Carr*, 48 Cal. 339; *People* v. *San Francisco*, 75 Cal. 388; *Wright* v. *Seymour*, 69 Cal. 122; *Beard* v. *Federy*, 3 Wall. 478.)

The reasoning in *Chipley* v. *Farris*, 45 Cal. 527, appears to be particularly applicable to this case. In that case it was contended that the confirmation of the grant

gave the claimant a perfect title, and that he could not
be divested of his title to any such lands by a patent
which did not embrace them all.   In answer to this the
court said: "A patent issued under the act of 1851 is,
as has often been held by this court, the final act in pro-
ceedings instituted for the confirmation of the claim of
the patentee to land which had been granted by the for-
mer government, and for the segregation of such land
from the public lands of the United States; and it is a
record which binds both the government and the claim-
ant, and cannot be attacked by either party, except by
direct proceedings instituted for that purpose.   (*Leese* v.
*Clark,* 18 Cal. 535.)   While it stands, the claimant, or
those deriving title through him, will not be permitted
to aver that the claim comprised other or different lands
from those mentioned in the patent. . . . . It is con-
tended by the plaintiffs that the survey, which is incor-
porated into the patent, does not accord with the decree
of confirmation, and that they are entitled to rely upon
the decree — which is also incorporated into the patent
— for title to lands within the decree, but not within
the survey.   This position cannot be maintained con-
sistently with the views already expressed as to the na-
ture and effect of the patent.   The patent purports to
convey the lands described in the survey, and its scope
cannot be extended, nor on the other hand can it be
limited by showing that the decree comprised a greater
or less area than the survey.   Nor can the claimant,
after admitting — as he must — the conclusive effect of
the patent, make out title to lands not conveyed by the
patent, by the production of the proceedings which cul-
minated in the patent.   The patent, while it remains in
force, conclusively determines what lands the claimant
was entitled to under his claim and the decree of con-
firmation.   The claimant can neither reform the patent,
nor show that it is in any respect incorrect, in an action
of ejectment."

It is unnecessary to quote further from the decisions
on this point.   Those above cited establish the proposi-

tion that upon the confirmation of a Mexican grant the patent issued by the United States to the claimant is the only evidence of the extent of the grant.

The obligation assumed by the United States to protect the rights of claimants under Mexican grants was political in its character, and the manner in which this should be met, and the effect to be given the prescribed proceedings in relation to the establishment of such rights, were matters of legislative policy; and the evident purpose of the act of March 3, 1851, was not only to confirm and protect the rights of claimants under Mexican grants, but also to segregate from the public domain the lands thus confirmed to such grantees, so that it might be known what lands in the state were subject to settlement by citizens of the United States. To accomplish this end the act provided for a survey of all confirmed grants to be made under authority of the government, and for the issuance of a patent thereon, which should be conclusive evidence of the location of the grant. It follows from this that in ascertaining the boundaries of the rancho San Pedro we must look to the patent, and if there is a conflict, as to such boundaries, between the patent and the decree of confirmation, the patent must control.

2. The remaining question is, whether the land in controversy is included within the exception; and as to this, we entertain no doubt that the exception, properly construed, embraces all the lands within the exterior boundaries of the inner bay of San Pedro as shown on the map accompanying the patent, and is not confined simply to such land as is covered by the navigable waters of that bay. That this is the true meaning of the exception is made to appear not only from the fact that the inner bay of San Pedro is marked "excepted" upon the map referred to, but is also conclusively shown by the concluding portion of the survey itself as returned and certified, in which, after giving the boundaries of the land surveyed by courses and distances, it designates the land surveyed, " exclusive of the lands

above described, as covered by the navigable waters of the inner bay of San Pedro," as being certain numbered lots on the plats of the public survey, neither of which lots includes any portion of the land within the exterior boundaries of the inner bay of San Pedro as marked on said map.

We hold, therefore, that the land in controversy is not a part of the rancho San Pedro as patented by the United States, and the judgment of the superior court is right.

Judgment and order affirmed.

McFarland, J., Harrison, J., Garoutte, J., Sharpstein, J., and Beatty, C. J., concurred.